NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JUANITA ANDERSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-5918 |
| | : | |
| v. | : | |
| | : | |
| HARRAH'S ENTERTAINMENT, INC., | : | **OPINION** |
| etc., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

APPEARANCES:

Benjamin Folkman
Folkman Law Offices, P.C.
1415 Route 70 East, Suite 407
Cherry Hill, NJ 08034
       Attorney for Plaintiff

Travis N. Gery
Kantrowitz & Phillippi, LLC
1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
       Attorney for Defendants

RODRIGUEZ, Senior District Judge:

This case comes before the Court on a motion to dismiss filed by the Defendants.

The Court has jurisdiction over Plaintiff's negligence claims pursuant to 28 U.S.C. §

1332.  Having considered the parties' submissions and decided the motion without oral

argument pursuant to Fed. R. Civ. P. 78, for the reasons stated below, the Court will

deny the motion.

## I.  Background

The Defendants, Harrah's Entertainment, Inc. (Parent Company), Park Place Entertainment, Caesars Entertainment, Inc., and Bally's Atlantic City (a non-juridical entity) seek to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  On or about June 27, 2005, Plaintiff Juanita Anderson filed a complaint in the Philadelphia Court of Common Pleas alleging negligence by Caesar's Entertainment, Inc. and Caesar's Entertainment, Inc. d/b/a Bally's Atlantic City, which negligence allegedly caused Plaintiff to slip and fall in the spa within the Bally's Atlantic City casino on January 16, 2004.  On August 2, 2005, the defendant in that case filed a notice of removal with the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction.  On August 16, 2005, plaintiff's counsel agreed to file an amended complaint removing Caesars Entertainment, Inc. as defendant and substituting Bally's Park Place, Inc., individually and d/b/a Bally's Atlantic City as the sole Defendant.  The amended complaint was filed with the United States District Court for the Eastern District of Pennsylvania on August 17, 2005.

Thereafter, the defendant filed a motion to dismiss, alleging lack of personal jurisdiction and improper venue.  To preserve the statute of limitations in the event the Pennsylvania action was dismissed, on December 22, 2005, Plaintiff filed the Complaint in this Court, naming as Defendants Harrah's Entertainment, Inc. (Parent Company), individually and d/b/a Bally's Park Place, Bally's Park Place, Inc., and/or Bally's Atlantic City and/or Park Place Entertainment and/or Caesars Entertainment, Inc., individually and d/b/a Bally's Park Place, Bally's Park Place, Inc., and/or Bally's Atlantic City and

John Does 1-50 and Jane Does 1-50 and ABC Corporation 1-50 inclusive, fictitious named Defendants, jointly, severally and in the alternative.

## II.  Motion to Dismiss

On March 13, 2006, Defendants, Harrah's Entertainment, Inc. (Parent Company), Park Place Entertainment, Caesars Entertainment, Inc., and Bally's Atlantic City (a non-juridical entity) filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) claiming that only Bally's Park Place, Inc. owns and/or operates the premises at which the incident giving rise to the present cause of action is alleged to have occurred.  On September 1, 2006, Plaintiff opposed the motion.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court construes allegations within the complaint in the light most favorable to plaintiff, taking all well-pleaded facts and allegations as true.  Sutton v. United Airlines, 527 U.S. 471, 475 (1999).  Further, dismissal is not warranted unless it is clear that no relief can be granted under any set of facts that could prove consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 72 (1984).

Here, Defendants, Harrah's Entertainment, Inc. (Parent Company), Park Place Entertainment, Caesars Entertainment, Inc., and Bally's Atlantic City (a non-juridical entity), claim that there are no circumstances on which Plaintiff would be entitled to recover because they do not do business as, own, or operate the premises, Bally's Atlantic City, at which the incident giving rise to the present cause of action is alleged to have occurred.  The Defendants further state that only Bally's Park Place, Inc. does business as, owns, and operates Bally's Atlantic City.  In addition, Defendants argue that

this information is easily attainable since ownership of real estate is a matter of public record and New Jersey highly regulates the gaming industry.

Conversely, the Plaintiff contends that a claim has clearly been stated upon which relief can be granted because regardless of whether or not Bally's Park Place, Inc. was the owner of the real estate upon which the hotel and casino were located at the time of the incident in question, a factual question exists as to whether or not some or all of the moving Defendants, through their authorized agents, servants and/or employees, were responsible for the maintenance and/or upkeep of the spa located within Bally's Atlantic City.

Although the Defendants could raise this issue in a summary judgment motion,[1] the instant motion to dismiss the complaint is not the proper vehicle by which to advance their argument, as the Court cannot look outside the pleadings to decide a Rule 12(b)(6) motion. Moreover, on November 13, 2006, the Honorable Clifford Scott Green of the United States District Court for the Eastern District of Pennsylvania denied the motion pending before him, finding that the court there had general personal jurisdiction over the defendant, and therefore that venue was proper. Accordingly, the Plaintiff has asked that this case be administratively terminated, and a January 5, 2007 status conference has been scheduled with the Magistrate Judge, which may well result in voluntary dismissal of this action.

---

[1]It is a general principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries. See United States v. Bestfoods, 524 U.S. 51, 61 (1998); see also Culbreth v. Amosa (Pty) Ltd., 898 F.2d 13, 14 (3d Cir.1990) (Under New Jersey law, a court can only disregard a corporation's separate identity if the party seeking to do so establishes that the controlling corporation wholly ignored the separate status of the controlled corporation and so dominated and controlled its affairs that its separate existence was a mere sham). There are several potential exceptions to this general rule whereby a parent company party could be held liable for the subsidiary's conduct under a "veil-piercing" theory. Bestfoods, 524 U.S. at 61; see also Pearson v. Component Technology Corp., 247 F.3d 471, 484-85 (3d Cir. 2001) (the court applied an eight factor "alter-ego" or "veil-piercing" test).

### III.  Conclusion

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss a complaint, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Rogin v. Bensalem Twp., 616 F.2d 680, 685 (3d Cir. 1980).  A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); see also D.P. Enters., Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).  A court reviewing a Fed. R. Civ. P. 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  In doing so, this Court cannot find, at this juncture, that Plaintiff can prove no set of facts which would entitle her to relief.  Defendants' motion to dismiss the Complaint will be denied.


Dated:    December 21, 2006                    /s/Joseph H. Rodriguez
                                               Joseph H. Rodriguez, U.S.D.J.